```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
BRIAN FISCHLER, Individually and on            :    ECF CASE
behalf of all other persons similarly situated,
                                               :
                    Plaintiff,                      1:18-cv-02396 (VSB)
                                               :
        v.
                                               :
MONCLER USA, INC., MONCLER USA
RETAIL LLC AND YNAP CORPORATION                :
d/b/a www.moncler.com,
                                               :
                    Defendants.
-----------------------------------------------------------X
```

## CONSENT DECREE

1. This Consent Decree is entered into as of the Effective Date, as defined below in Paragraph 11, by and between the following parties: Plaintiff, Brian Fischler ("Plaintiff"), and Defendants, Moncler USA, Inc. ("Moncler, Inc."), Moncler USA Retail LLC ("Moncler LLC"), and YNAP Corporation ("YNAP"). (Moncler Inc. and Moncler LLC are collectively referred to as "Moncler," Moncler and YNAP are collectively referred to as "Defendants"; Plaintiff and Defendants are collectively referred to as the "Parties" and individually as "Party" for the purposes and on the terms specified herein).

## RECITALS

2. Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12181 - 12189 ("ADA") and its implementing regulation, 28 C.F.R. pt. 36, prohibit discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation by any private entity that owns, leases (or leases to), or operates any place of public accommodation. 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201(a).

#7900506 v5 \025560 \0022

DocuSign Envelope ID: 4792ACCD-1F2F-4B7C-A8F2-1EF725603858

3. On March 17, 2018, Plaintiff filed this putative class action lawsuit on behalf of himself and all others similarly situated against Defendants (the "Action"). Plaintiff alleges that those U.S. portions of the website directed at consumers, which can be accessed by U.S. based consumers through the use of the domain name http://www.moncler.com and http://www.monclergroup.com (collectively, the "Website", as further defined in Paragraph 14), contain barriers that prevent full and equal use by blind persons, in violation of Title III of the ADA, 42 U.S.C. §§ 12181–12189 ("ADA"), the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL").

4. Defendants expressly deny that the Website violates any federal, state or local law, rule or regulation, including the ADA, NYSHRC and NYCHRC. By entry into this Consent Decree, Defendants do not acknowledge or admit any violation of any law or any wrongdoing of any kind in any respect.

5. This Consent Decree resolves, settles, and compromises all issues between the Parties based on the allegations set forth in Plaintiff's Complaint (the "Complaint") and those claims or issues which arise from such allegations.

6. This Consent Decree is entered into by Plaintiff, individually, prior to a determination on class certification. Therefore, notice to the putative class of this Consent Decree is not required under Fed. R. Civ. P. 23(e) nor appropriate.

## JURISDICTION

7. Plaintiff alleges that Defendants are private entities that own and/or operate, or have contracts to operate or develop, the Website which is available through the internet to personal computers, laptops, mobile devices, tablets, and other similar technology. Plaintiff contends that the Website is a sales and service establishment whose operations affect commerce and a public accommodation subject to Title III of the ADA. 42 U.S.C §12181(7); 12182(a); 28

#7900506 v5 \025560 \0022

C.F.R. §§ 36.104, 36.201(a). Defendants deny that the Website is a public accommodation or a place of public accommodation or is otherwise subject to Title III of the ADA.

8.   Plaintiff is suing on his own behalf, and on behalf of all other individuals similarly situated as an aggrieved person pursuant to 42 U.SC. § 12188(b)(2)(b).

9.   This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. § 12188. The Parties agree that venue is appropriate.

## AGREED RESOLUTION

10.   Plaintiff and Defendants agree that it is in the Parties' best interest to resolve this Action on mutually agreeable terms without further litigation. Accordingly, the Parties agree to the entry of this Consent Decree without trial or further adjudication of any issues of fact or law raised in the Complaint.

In resolution of this action, the Parties hereby AGREE to and the Court expressly APPROVES, ENTERS, AND ORDERS the following:

## DEFINITIONS

11.   "Effective Date" means the date on which this Consent Decree is entered on the Court's Docket Sheet following approval by the Court.

12.   "Person(s) with a visual impairment" means any person who has a visual impairment who meets the legal definition of blindness in that they have a visual acuity with correction of less than or equal to 20 x 200.

13.   "Reasonable Efforts" means the commercially reasonable efforts that a reasonable person in Defendants' position would use to improve the existing level of accessibility of the Website to Persons with a visual impairment by using the Worldwide Web Consortium's Web Content Accessibility Guidelines WCAG 2.0 Level AA Success Criteria (as defined therein) ("WCAG 2.0 AA") as a guideline to make such improvements. Any disagreement by the Parties

DocuSign Envelope ID: 4792ACCD-1F2F-4B7C-A8F2-1EF725603858

as to whether Defendants have used Reasonable Efforts as provided for under this Consent Decree shall be subject to the dispute resolution procedures set forth in paragraphs 19 through 25 of this Consent Decree. Reasonable Efforts shall be interpreted so as not to require Defendants to undertake efforts whose cost, difficulty or impact on Defendants or their affiliates' Website-related operations would constitute an undue burden, as defined in Title III of the ADA but as applied to Defendants' consumer focused merchandise-selling Website-related operations, or would otherwise require efforts that are virtually impossible, are not commercially reasonable, readily achievable or technically feasible or constitute a fundamental alteration of the Website's features or primary use.

14. The Website, as initially defined in Paragraph 3 above, means the U.S. portion of the eCommerce webpages owned and/or operated by or on behalf of Defendants that allow consumers to obtain information about Moncler's products and services and purchase products on-line for delivery to their homes or places of business in some geographic areas. The term "Website" does not include any mobile applications or Third-Party Content (as defined below), nor does it apply to any portions of the Website directed at business users or Defendants' business partners, or those designated for internal use by Defendants or their affiliates or to websites not owned, operated, coded, managed or controlled by Defendants but that are linked from or to the Website or its mobile applications. "Moncler.com Website" refers to the Website located at the domain name http://www.moncler.com and "Monclergroup.com Website" refers to the Website located at the domain name http://www.monclergroup.com.

15. "Third-Party Content" means web content that is generated by a third party and not owned, coded, managed, operated by or on behalf of Defendants, or hosted on the Website.

## TERM

#7900506 v5 \025560 \0022

16.     The term of this Consent Decree shall commence as of the Effective Date and remain in effect for thirty-seven (37) months from the Effective Date.

## COMPLIANCE WITH TITLE III OF THE ADA

17.     Web Accessibility Conformance Timeline: Defendants shall use Reasonable Efforts to improve the existing level of accessibility of the Moncler.com Website to Persons with a visual impairment within thirty-seven (37) months of the Effective Date. Moncler shall use Reasonable Efforts to improve the existing level of accessibility of the Monclergroup.com Website to Persons with a visual impairment within thirty-seven (37) months of the Effective Date. Notwithstanding anything to the contrary contained herein and for the avoidance of doubt, with respect to monclergroup.com, neither YNAP nor any of its affiliates shall have any obligations with respect to the accessibility of such website nor will Plaintiff have any recourse against YNAP or any of its affiliates under this Consent Decree with respect to monclergroup.com.

## SPECIFIC RELIEF TO PLAINTIFF

18.     Specific Relief: Plaintiff and Defendants have agreed to settle all matters relating to costs, damages, attorneys' fees, experts' fees, and other financial matters, relating to any alleged inaccessibility of the Website through a separate agreement (the "Settlement Agreement") hereby incorporated by reference into this Consent Decree. The Settlement Agreement shall be provided to the Court in camera for inspection and review if the Court so requires in order to extend its enforcement jurisdiction over the terms of the Settlement Agreement.

## PROCEDURES IN THE EVENT OF DISPUTES

19.     The procedures set forth in Paragraphs 19 through 24 must be exhausted in the event that (i) Plaintiff alleges that Defendants and/or Moncler have failed to meet their respective

#7900506 v5 \025560 \0022

DocuSign Envelope ID: 4792ACCD-1F2F-4B7C-A8F2-1EF725603858

obligations pursuant to this Consent Decree or (ii) Defendants allege that there is a criteria of WCAG 2.0 AA with which they cannot substantially comply as set forth herein. There will be no breach of this Consent Decree by Defendants in connection with such allegations until the following procedures have been exhausted.

20. If a Party believes that the other Party hereto has not complied in all material respects with any provision of the Consent Decree, that Party shall provide the other Party with written notice of non-compliance containing the following information: (i) the alleged act of non-compliance; (ii) a reference to the specific provision(s) of the Consent Decree that is not being complied with in all material respects; (iii) a statement of the remedial action sought by the initiating party; and (iv) a reasonably detailed statement of the specific facts, circumstances and legal argument supporting the position of the initiating party (the "Notice of Non-Compliance"). Plaintiff will notify Moncler or the Defendants respectively in writing after the dates for their compliance set forth herein if Plaintiff believes that the Monclergroup.com Website and/or the Moncler.com Website is in any way not compliant with this Consent Decree. Defendants will notify Plaintiff in writing if they believe there is a criteria of this Consent Decree with which they cannot substantially comply hereunder. All notifications must include reasonable detail and shall be made in the manner set forth in Paragraph 29. Plaintiff waives any and all rights that he may otherwise have to recover from Defendants any damages, attorneys' or experts' fees, costs, expenses, or disbursements of any kind related to any Notice of Non-Compliance and related activities.

21. Within thirty (30) days of either Party receiving Notice of Non-Compliance as described in Paragraph 20, the other Party will respond in writing to the notice. Within fifteen (15) days of receipt of the response, the Parties will meet by telephone, or in person, in an attempt to informally resolve the issue.

#7900506 v5 \025560 \0022

DocuSign Envelope ID: 4792ACCD-1F2F-4B7C-A8F2-1EF725603858

22. If the issue remains unresolved within thirty (30) days of the meeting referenced in Paragraph 21, the Parties will each have an additional thirty (30) days to select an expert and the two experts will mutually select an independent accessibility consultant with substantial experience in accessible website design who will evaluate the particular item(s) raised based on whether those item(s) of the Website are in substantial conformance with Defendants' obligations under Paragraph 17 above.

23. There will be no breach of this Consent Decree unless (a) the independent accessibility consultant determines that the particular item(s) of the Website are not in substantial conformance with Defendants' respective obligations under Paragraph 17 above and (b) Defendants, as applicable, fail to remedy the issue within a reasonable period of time of not less than ninety (90) days after receiving the independent accessibility consultant's written opinion. If the accessibility consultant believes that a reasonable time using Reasonable Efforts to remedy the items found not to be in substantial compliance is longer than ninety (90) days, then the Parties may agree on a longer time period without leave of Court so long as the extension is documented in writing and executed by the Parties to this Agreement or their respective counsel. If the accessibility consultant finds that a particular item found not to be in substantial compliance cannot be remedied using Reasonable Efforts, Defendants shall not be obligated to remedy that item.

24. The determination and award of the independent accessibility consultant will be enforceable in this Court. All costs related to the independent accessibility consultant shall be borne equally by the Parties. Each Party shall bear their own costs, expenses, attorney fees and expert fees in connection with the determination and award of the independent accessibility consultant.

DocuSign Envelope ID: 4792ACCD-1F2F-4B7C-A8F2-1EF725603858

25. Any of the time periods set forth in Paragraphs 19 through 23 may be extended by a written agreement signed by all of the Parties.

26. Any notice or communication required or permitted to be given to the Parties hereunder shall be given in writing by e-mail or facsimile and by overnight express mail, addressed as follows:

| | |
|---|---|
| For PLAINTIFF: | Douglas B. Lipsky, Esq.<br>Lipsky Lowe LLP<br>630 Third Avenue, Fifth Floor<br>New York, NY 10017-6705<br>Phone: 212-392-4772<br>Fax: 212-444-1030<br>Email: doug@lipskylowe.com |
| For DEFENDANT MONCLER: | Fred H. Perkins<br>Morrison Cohen LLP<br>909 Third Avenue<br>New York, New York 10022<br>Phone: 212-735-8647<br>Fax: 917-522-3147<br>Email: Fhperkins@Morrisoncohen.com |
| For DEFENDANT YNAP | Gina M. Piazza, Esq.<br>Tarter Krinsky & Drogin LLP<br>1350 Broadway<br>New York, NY 10018<br>Phone: (212) 216-1129<br>Fax: (212) 216-8001<br>Email: gpiazza@tarterkrinsky.com |

## MODIFICATION

27. No modification of this Consent Decree shall be effective unless in writing and signed by authorized representatives of all Parties.

## ENFORCEMENT AND OTHER PROVISIONS

28. The interpretation and enforcement of this Consent Decree shall be governed by the laws of the State of New York. This Court shall retain jurisdiction over this matter for purposes of enforcement of this Consent Decree in accordance with its terms.

#7900506 v5 \025560 \0022

DocuSign Envelope ID: 4792ACCD-1F2F-4B7C-A8F2-1EF725603858

29.     This Consent Decree contains the entire agreement of the Plaintiff and the Defendants concerning the subject matter described in Paragraph 3, other than the terms of the Settlement Agreement, and no other statement, promise, or agreement, either written or oral, made by any party or agent of any Party, that is not contained in this Consent Decree, and concerns the subject matter described in Paragraph 3, shall be enforceable, other than the Settlement Agreement.

30.     If any provision of this Consent Decree is determined to be invalid, unenforceable, or otherwise contrary to applicable law, such provision shall be deemed restated to reflect as nearly as possible and to the fullest extent permitted by applicable law its original intent and shall not, in any event, affect any other provisions, all of which shall remain valid and enforceable to the fullest extent permitted by applicable law.

### PERSONS BOUND AND INTENDED THIRD-PARTY BENEFICIARIES

31.     This Consent Decree shall be binding on the Parties and their respective heirs, executors, administrators, personal or legal representatives, successors and assigns. In the event that the Defendants seek to transfer or assign all or part of their interest in any service covered by this Consent Decree, and the successor or assign intends on carrying on the same or similar use of the Website or online services, then the successor or assignee shall be solely responsible for their respective obligations remaining under this Consent Decree for the duration of the remaining term of the Consent Decree.

32.     The Parties to this Consent Decree expressly intend and agree that this Consent Decree shall inure to the benefit of all Persons with a visual impairment, which visually-impaired persons shall constitute third-party beneficiaries to this Consent Decree.

33.     Plaintiff and Defendants agree that, as of the date of entry of this Consent Decree, litigation is not "reasonably foreseeable" concerning the matters described herein and alleged in

#7900506 v5 \025560 \0022

9

DocuSign Envelope ID: 4792ACCD-1F2F-4B7C-A8F2-1EF725603858

the Complaint. To the extent that any of the Parties previously implemented a litigation hold to preserve documents, electronically stored information, or things related to the matters described in Paragraph 3, such Party is no longer required to maintain such a litigation hold. Nothing in this paragraph relieves any Party of any other obligations imposed by this Consent Decree.

34. The signatories represent that they have the authority to bind the respective Parties to this Consent Decree.

## **CONSENT DECREE HAS BEEN READ**

35. This Consent Decree has been carefully read by each of the Parties, and its contents are known and understood by each of the Parties. This Consent Decree is signed freely by each party executing it. The Parties each had an opportunity to consult with their counsel prior to executing the Consent Decree.

DocuSign Envelope ID: 4792ACCD-1F2F-4B7C-A8F2-1EF725603858

Dated: _____7/2/2018 9:02:27 AM EDT_____

*DocuSigned by:*
*Brian Fischler*
―――――――――――――――――
589128905DC54B2
**BRIAN FISCHLER**

MONCLER USA, INC.

Dated: _____

By: _____
Its: _____

MONCLER USA RETAIL LLC

Dated: _____

By: _____
Its: _____

YNAP CORPORATION

Dated: _____

By: _____
Its: _____

Dated: _____          _____
                                        BRIAN FISCHLER


                                        MONCLER USA, INC.

Dated: __6/29/18_____                  By: _____[signature]_____
                                        Its: _____President_____


                                        MONCLER USA RETAIL LLC

Dated: __6/29/18_____                  By: _____[signature]_____
                                        Its: _____President_____


                                        YNAP CORPORATION

Dated: _____           By: _____
                                        Its: _____


#7900506 v5 \025560 \0022

Dated: _____

———————————————
BRIAN FISCHLER

MONCLER USA, INC.

Dated: _____

By: _____
Its: _____

MONCLER USA RETAIL LLC

Dated: _____

By: _____
Its: _____

YNAP CORPORATION

Dated: __7/12/18__

By: _William F. [signature]_
Its: _PRESIDENT_

DocuSign Envelope ID: 4792ACCD-1F2F-4B7C-A8F2-1EF725603858

APPROVED AS TO FORM AND CONTENT:

Dated: July 2, 2018

LIPSKY LOWE LLP

By: _____
Douglas B. Lipsky, Esq.
630 Third Avenue, Fifth Floor
New York, NY 10017-6705
Phone: 212-392-4772
Fax: 212-444-1030
Email: doug@lipskylowe.com
Attorneys for Brian Fischler

Dated: _____

MORRISON COHEN LLP

By: _____
Fred H. Perkins, Esq.
909 Third Avenue
New York, New York 10022
Phone: (212) 735-8600
Fax: (917) 522-3147
Attorneys for Defendants Moncler USA, Inc. and Moncler USA Retail LLC

Dated: _____

TARTER KRINSKY & DROGIN LLP

By: _____
Gabriel Levinson, Esq.
1350 Broadway
New York, NY 10018
Phone: (212) 216-1133
Fax: 646-502-5533
Email: glevinson@tarterkrinsky.com
Attorneys for Defendant YNAP Corporation

SO ORDERED:

_____
U.S.D.J.

#7900506 v5 \025560 \0022

12

APPROVED AS TO FORM AND CONTENT:

Dated: _____          LIPSKY LOWE LLP

                                        By:_____
                                        Douglas B. Lipsky, Esq.
                                        630 Third Avenue, Fifth Floor
                                        New York, NY 10017-6705
                                        Phone: 212-392-4772
                                        Fax: 212-444-1030
                                        Email: doug@lipskylowe.com
                                        Attorneys for Brian Fischler

Dated: 7/17/18                          MORRISON COHEN LLP

                                        By: _____
                                        Fred H. Perkins, Esq.
                                        909 Third Avenue
                                        New York, New York 10022
                                        Phone: (212) 735-8600
                                        Fax:  (917) 522-3147
                                        Attorneys for Defendants Moncler USA,
                                        Inc. and Moncler USA Retail LLC

Dated: 6/29/18                          TARTER KRINSKY & DROGIN LLP

                                        By: _____
                                        Gabriel Levinson, Esq.
                                        1350 Broadway
                                        New York, NY 10018
                                        Phone: (212) 216-1133
                                        Fax:  646-502-5533
                                        Email: glevinson@tarterkrinsky.com
                                        Attorneys for Defendant YNAP Corporation

**SO ORDERED:**

_____
**HON. VERNON S. BRODERICK** 7/18/2018
**UNITED STATES DISTRICT JUDGE**

#7900506 v5 \025560 \0022